117 F.3d 1425
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Avedis GANTABELIAN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 96-70753, Ado-vmu-xmc.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997**
Decided June 24, 1997.
 
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Avedis Gantabelian, a native and citizen of Lebanon, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of an immigration judge's ("IJ") order denying his application for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a), 1253(h). We have jurisdiction under 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 "We review factual determinations of statutory eligibility for asylum under a 'substantial evidence' standard." Sangha v. INS, 103 F.3d 1482, 1487 (9th Cir.1997) (citing INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992)). "To obtain reversal, petitioner must show that 'the evidence not only supports reversal, but compels it.' " Id.
 
 
 4
 Gantabelian contends that the BIA erred by concluding that he was not persecuted or did not have a well-founded fear of future persecution on account of his political opinion because he was politically neutral in the civil war in Lebanon. This argument lacks merit.
 
 
 5
 To be eligible for asylum, a petitioner must demonstrate that he suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. § 101(a)(42)(A). Political neutrality can constitute political opinion for purposes of asylum. See Ramos-Vasquez v. INS, 57 F.3d 857, 863 (9th Cir.1995) (citations omitted). A petitioner must, however, demonstrate that his political neutrality was articulated sufficiently for it to be the basis of his past or anticipated persecution. See id. (citation omitted). He must also establish by compelling evidence that the persecution was because of his political neutrality rather than because of his refusal to fight with guerrillas. See Elias-Zacarias, 502 U.S. at 483.
 
 
 6
 Gantabelian testified that the Marounite militia sought to recruit young people as fighters. Marounite militia members forcibly took him to a Marounite center, threatened to harm him if he did not join them, and broke his foot when he refused. He stated that Marounite militia took him because they wanted him to "be one of them," but that he was "against their political viewpoint." Gantabelian presented no compelling evidence, however, that he articulated his political neutrality or that it was the basis for the militia's attack on him. See Ramos-Vasquez, 57 F.3d at 863. Rather, the militia was interested in Gantabelian as a recruit, not on account of his political neutrality. See Sangha, 103 F.3d at 1487 (stating that a petitioner must prove something more than violence plus disparity of views) (citation omitted).
 
 
 7
 Moreover, the fact that Gantabelian remained in Lebanon without harm for one-and-a-half years after he was taken by the militia undermines his claim of future persecution. See Castillo v. INS, 951 F.2d 1117, 1122 (9th Cir.1991). Accordingly, a reasonable factfinder could conclude that he did not have a well-founded fear of persecution. See Elias-Zacarias, 502 U.S. at 481.
 
 
 8
 Because Gantabelian failed to meet the lower standard for granting asylum, we also affirm the BIA's denial of his request for withholding of deportation. See Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995).[1]
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Gantabelian testified that the Marounite militia targeted him because of his Armenian ethnicity, and the BIA addressed, among other issues, whether his testimony established persecution on account of membership in a particular social group. In this petition, however, he only raises issues regarding persecution on account of political opinion. Accordingly, we do not address persecution on account of his Armenian ethnicity. See Martinez-Serrano v. INS, 94 F.3d 1256, 1259 (9th Cir.1996) (stating that issues not raised in opening brief are waived)